IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY A. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-4-GPM |
| | ) |
| JAMES BRAD WATKINS, | ) |
| JARED BLESSING, and | ) |
| YOLANDE JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on a motion by Plaintiff Corey A. Taylor for leave to proceed in forma pauperis ("IFP") in this case (Doc. 2). Taylor, an inmate of the closed maximum security prison at the Tamms Correctional Center ("Tamms"), brings this action under 42 U.S.C. § 1983 alleging that Defendants James Brad Watkins, Jared Blessing, and Yolande Johnson, who are officers and employees of the Illinois Department of Corrections, have violated Taylor's civil rights. Concerning Watkins, Taylor alleges in his complaint that, as a result of racial animus and in retaliation for Taylor's filing of grievances challenging the conditions of his confinement, Watkins has: contaminated or removed food from Taylor's meal trays; opened Taylor's legal mail; destroyed Taylor's personal mail; fabricated disciplinary reports against Taylor; incited other Tamms inmates to expose Taylor to excessive noise, depriving Taylor of sleep; and slammed Taylor's hand in the chuckhole in the door to Taylor's cell through which Taylor's meal trays are passed.

Taylor alleges also that Watkins, Blessing, and Johnson have conspired together to violate Taylor's civil rights, and that as a result of the conspiracy Watkins and Blessing assaulted Taylor on December 17, 2009. Taylor seeks leave to proceed IFP in this action without pre-payment of the $350 filing fee. The motion has been fully briefed, and the Court has conducted a hearing on the motion. Accordingly, the Court now rules as follows.

## II. ANALYSIS

As Taylor admits, three or more civil actions in which Taylor, a prisoner, sought redress from a governmental entity or an officer or employee of a governmental entity have been dismissed as frivolous, malicious, or as failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. The Court can judicially notice its own electronic docket. *See Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv1001-DRH, 2007 WL 1532116, at *1 (S.D. Ill. May 24, 2007). Review of the Court's electronic docket discloses the following actions brought by Taylor that have been dismissed pursuant to Section 1915A: *Taylor v. Snyder*, Civil No. 00-233-WDS (S.D. Ill. Nov. 20, 2001) (order of dismissal pursuant to Section 1915A); *Taylor v. Snyder*, Civil No. 00-83-JLF (S.D. Ill. June 12, 2002) (same); *Taylor v. Welborn*, Civil No. 00-82-JLF (S.D. Ill. June 17, 2002) (same); and *Taylor v. McDonald*, Civil No. 00-411-JPG (S.D. Ill. Dec. 27, 2002) (same). In light of Taylor's three or more "strikes" under Section 1915A, Taylor is generally ineligible to proceed IFP in federal court absent proof that he is in imminent danger of serious physical injury under the terms of 28 U.S.C. § 1915, which provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

> of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case Taylor claims that he is in imminent danger of serious physical injury and thus should be permitted to proceed IFP under the statutory exception to Section 1915(g)'s "three strikes" rule.

As an initial matter, the Court notes the standard under which it must review Taylor's claim that, notwithstanding his strikes, he is in imminent danger of serious physical injury and should be allowed to proceed IFP in this case. "In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison condition [must be] real and proximate.'" *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id*. (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger." *Id*. (citing *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998)). The allegations of a pro se complaints must be liberally construed, and a pro se litigant's allegations of imminent danger must be accepted as true, even if "they may in fact be bogus[.]" *Id*. (citing *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)). "Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee. But when they allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)). Additionally, "[c]ourts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann*, 337 F.3d at 782).

"Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in favor of the complainant." *Gibbs v. Roman*, 116 F.3d 83, 86 (3d. Cir. 1997), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Should a defendant or defendants challenge a complainant's allegations of imminent danger under 28 U.S.C. § 1915(g), however, "the district court must then determine whether the plaintiff's allegation of imminent danger is credible . . . . In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing." *Id*. at 86-87. *See also Norwood v. Radtke*, No. 3:07-cv-0624-bbc, 2007 WL 5431018, at *2 (W.D. Wis. Dec. 2, 2007) (ordering an evidentiary hearing on the issue of imminent danger); *Rodriguez v. Texas Dep't of Pub. Safety*, Civil Action No. 1:06-CV-548, 2007 WL 162830, at **2-3 (E.D. Tex. Jan. 22, 2007) (stating, after a hearing where a plaintiff reported a threat to "bash his brains in" that was over six months' old and that his cell door was left open on the night of a homicide, that the plaintiff's subjective belief that he was in imminent danger was not supported by objective evidence); 3 Michael B. Mushlin, Rights of Prisoners § 17:37 (3d ed. 2003) ("[T]he better reasoned decisions hold that if there is doubt as to whether there is [imminent] danger, a hearing should be held.") (collecting cases). "Defendants bear the burden of producing evidence to preclude a prisoner from filing *in forma pauperis*, and once that evidence is introduced, the burden shifts to the plaintiff to show that he is actually in imminent danger of serious physical harm. Defendants' burden is satisfied by the existence of the three strikes against Plaintiff. Plaintiff now bears the burden of showing he is in imminent danger." *Brown v. City of Philadelphia*, Civil Actions Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *10 (E.D. Pa. Apr. 14, 2009).

In this case Defendants have squarely challenged Taylor's allegations that he is in imminent danger of serious physical injury, and, accordingly, on Tuesday, May 11, 2010, the Court conducted an evidentiary hearing at Tamms on Taylor's motion for leave to proceed IFP in this case. Present at the hearing were Taylor, Watkins, and Blessing. At the hearing Taylor clarified that his claim of being in imminent danger of serious physical injury is based solely on his fear of being assaulted by Watkins and Blessing and not upon any injury allegedly caused or likely to be caused by the sleep deprivation and deprivation of food asserted in Taylor's complaint. Therefore, the Court's concern is solely with whether Taylor has shown that he is in imminent danger of serious physical injury by reason of assaults by correctional officers. The Court finds that Taylor has not shown that he is in imminent danger so as to be permitted to proceed IFP in this case. At the hearing Taylor claimed that, in addition to the December 17 assault by Watkins and Blessing alleged in his complaint in this case, he was assaulted by Watkins on April 16, 2009, August 3, 2009, and September 1, 2009. Additionally, Taylor claimed that Blessing assaulted him on January 21, 2010, and that on April 13, 2010, Watkins assaulted Tamms inmate Richard Slater, who allegedly witnessed the December 17 assault on Taylor alleged in Taylor's complaint. At the May 11 hearing, Dr. Marvin Powers, the Medical Director at Tamms, appeared and testified. Taylor's medical records pertaining to all of the dates on which he allegedly was assaulted also were put into evidence. Concerning the supposed April 16 assault, there is no record that Taylor sought or received any medical attention in connection with that incident. In August 2009 Taylor was examined by medical personnel at Tamms on three occasions, to wit, August 6, August 7, and August 20, in connection with allegations by Taylor that he had been subjected to excessive force by correctional personnel at Tamms; the August 20 examination was by Dr. Powers himself. Dr. Powers testified that none

of the examinations disclosed evidence that Taylor had been assaulted. On September 1, Dr. Powers testified, he ordered an x-ray of Taylor as what he called a "defensive" measure, given that Taylor was claiming to have been assaulted by guards, but the x-ray disclosed no evidence of such an assault. On December 17, Dr. Powers testified, Taylor's medical records show that Taylor refused to be examined by medical personnel in connection with the assault Taylor alleges was committed on him by Watkins and Blessing. Derek Richardson, a licensed practical nurse at Tamms who was on call on December 17, testified also that Taylor refused to be examined in connection with the alleged assault. The logical inference to be drawn from Taylor's refusal to be examined is that he knew that such an examination would disclose no evidence of an injury. Dr. Powers noted also that on December 21, 2009, Taylor similarly refused to be examined. As Dr. Powers testified, Taylor's medical records disclose no evidence of an injury consistent with repeated assaults by correctional personnel as alleged by Taylor. In the absence of any medical evidence that Taylor has been assaulted by correctional personnel at Tamms, the Court refuses to find that Taylor is in imminent danger of serious physical injury and should be allowed to proceed IFP in this case. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).[1]

---

1. The Court notes that, even were it to credit Taylor's evidence regarding the supposed assault on December 17, and the Court has no reason to do so, the injury alleged by Taylor, some swelling on the back and sides of his head, *see* Doc. 1-2 at 4 ¶ 11, is not sufficient to establish imminent danger under 28 U.S.C. § 1915(g). *See Moxley v. Keeton*, No. 3:05-CV-0713-R, 2005 WL 1489925, at *2 (N.D. Tex. June 22, 2005) (an inmate's claim that he sustained an injury to a finger was insufficient to establish that the inmate was in imminent danger of serious physical injury); *Henderson v. Williams*, No. 2:03-CV-0216, 2003 WL 21756336, at *1 (N.D. Tex. July 30, 2003) (a prisoner's claim that he had suffered pain and swelling in his back and groin did not show imminent danger of serious physical injury).

Concerning Taylor's claim that he was assaulted by Blessing on January 21, 2010, and that on April 13, 2010, Watkins assaulted Richard Slater, these allegations of imminent danger are problematical for a couple of reasons. First, because imminent danger, as discussed, is measured as of the date a complaint is filed, incidents that occur post-filing generally are not considered evidence of imminent danger. *See, e.g., Peterson v. Perdue*, No. CV 108-097, 2008 WL 3887630, at *1 (S.D. Ga. Aug. 21, 2008) ("Plaintiff's allegation related to an alleged sexual assault since the commencement of the above-captioned case does not satisfy the requirements of § 1915(g)."); *Trice v. Vazquez*, No. CIVA CV206-185, 2006 WL 3191175, at *2 (S.D. Ga. Nov. 1, 2006) (an inmate's allegations that he faced "heightened danger" as a result of new lockdown procedures adopted by the prison where he was incarcerated since the filing of his complaint did not show imminent danger for purposes of Section 1915(g)). Also, as a matter of standing, an alleged assault by correctional personnel at Tamms on another inmate is not evidence that Taylor is in imminent danger of serious physical harm. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). Furthermore, there again is no evidence to support Taylor's claim that he was assaulted on January 21. Taylor's medical records do not disclose that he was examined in connection with any such assault on or near January 21, although Taylor was examined by Dr. Powers on January 25, 2010, for dry skin. In sum, the Court finds a total lack of evidentiary support for Taylor's claim that he is in imminent danger of serious physical harm and therefore should be allowed to proceed IFP in this action. What the record does disclose is that Taylor "is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." *McNeil v. United States*, No. CV-05-211-AAM, 2005 WL 1915842, at *1 (E.D. Wash. Aug. 9, 2005). However, "the United States Courts are not powerless to protect the public, including

litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981). *See also Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) ("[C]ourts are not obligated to be a playground where prisoners with nothing better to do continuously file frivolous claims."). Taylor's request for leave to proceed IFP will be denied, and he will be ordered to pre-pay the filing fee in full if he wishes to proceed with this case.

### III. CONCLUSION

Taylor's motion for leave to proceed IFP in this cause (Doc. 2) is **DENIED**. Taylor's motion for disposition of his request for a temporary restraining order (Doc. 12) is **DENIED as moot**. It is **ORDERED** that Taylor shall pay the full filing fee of $350 for this action within **fifteen (15) days** of the date of entry of this Order. Taylor is advised that the filing of additional pleadings or motions shall not delay or suspend his obligation to pay the full filing fee as required by this Order. It is **further ORDERED** that if Taylor does not comply with this Order in the time allotted, this action will be dismissed for failure to comply with an order of this Court. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 467 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: May 17, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge