IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COREY A. TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-4-GPM |
| | ) |
| **JAMES BRAD WATKINS,** | ) |
| **JARED BLESSING, and** | ) |
| **YOLANDE JOHNSON,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

By order entered May 6, 2010, the Court granted a motion by Plaintiff Corey A. Taylor, who currently is an inmate of the closed maximum security prison at the Tamms Correctional Center ("Tamms") in Tamms, Illinois, for a copy of his complaint in this case without prepayment of the Court's normal charge of $0.50 per page for photocopies. In the May 6 order the Court stated that the photocopying fee, which amounts to $41.00, would be assessed at a later date when Taylor had funds to pay the fee. On June 2, 2010, the Court entered judgment against Taylor and in favor of Defendants James Brad Watkins, Jared Blessing, and Yolande Johnson; costs were awarded against Taylor. The Court has inherent power to tax costs. *See Marks v. Calendine*, 80 F.R.D. 24, 25 n.2 (N.D.W.Va. 1978); *Milliken & Co v. Temp-Resisto Corp.*, 169 F. Supp. 453, 456 (S.D.N.Y. 1959). Additionally, 28 U.S.C. § 1915 specifically provides that the United States may not be held liable for costs in a lawsuit brought by an indigent prison inmate. *See* 28 U.S.C. § 1915(f)(1). Taxable costs include "[f]ees for exemplification and the costs of making copies of

any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). Finally, Section 1915 contemplates assessment of costs against a prisoner litigant using the mechanism of periodic regular withdrawals from the prisoner's inmate trust account set out in the statute for collecting initial filing fees. *See* 28 U.S.C. § 1915(a)(2), (b)(1), (f)(2)(B). Therefore, the Court will direct the personnel at Tamms to forward to the Court a copy of Taylor's inmate trust account for the six-month period from October 28, 2009, until April 28, 2010, when Taylor moved for a copy of his complaint in this case without prepayment of the Court's usual charge for photocopies. *See Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2010 WL 381442, at *2 (S.D. Ill. Jan. 27, 2010) (citing *Spaight v. Makowski*, 252 F.3d 78, 79 (2d Cir. 2001)). Accordingly, it is hereby **ORDERED** that the officials at Tamms shall forward to the Court a statement of Taylor's inmate trust account for the period from October 28, 2009, until April 28, 2010, so that the Court may calculate the correct initial partial fee that Taylor must pay under Section 1915. The Clerk of Court **SHALL** mail a copy of this Order to the officials at Tamms responsible for maintaining records of inmate trust accounts.

    **IT IS SO ORDERED.**

    DATED: June 30, 2010

                                      /s/ G. Patrick Murphy  
                                      G. PATRICK MURPHY  
                                      United States District Judge