IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COREY A. TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-4-GPM |
| | ) |
| **JAMES BRAD WATKINS,** | ) |
| **JARED BLESSING, and** | ) |
| **YOLANDE JOHNSON,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

By order entered May 6, 2010, the Court granted a motion by Plaintiff Corey A. Taylor, who currently is an inmate of the closed maximum security prison at the Tamms Correctional Center ("Tamms") in Tamms, Illinois, for a copy of his complaint in this case without prepayment of the Court's normal charge of $0.50 per page for photocopies. In the May 6 order the Court stated that the photocopying fee, which amounts to $41.00, would be assessed at a later date when Taylor had funds to pay the fee. On June 2, 2010, the Court entered judgment against Taylor and in favor of Defendants James Brad Watkins, Jared Blessing, and Yolande Johnson; costs were awarded against Taylor. On June 30, 2010, the Court entered an order directing the officials at Tamms responsible for maintaining the records of inmate trust accounts to submit to the Court a statement of Taylor's inmate trust account for the period from October 28, 2009, until April 28, 2010. That statement now has been submitted to the Court. *See* Doc. 26. Accordingly, the Court calculates the initial partial fee that Taylor must pay toward the costs taxed against him as follows.

Under 28 U.S.C. § 1915, "[i]f the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. § 1915(f)(2)(A). Further, "[t]he prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2)." 28 U.S.C. § 1915(f)(2)(B). The statute provides that an inmate litigant must submit to a court a certified copy of the inmate's trust fund account statement for the six-month period immediately preceding the filing of a request for leave to proceed without prepayment of costs. *See* 28 U.S.C. § 1915(a)(2). Also, the statute provides that an inmate must pay an initial partial fee of twenty percent of the greater of: (1) the average monthly deposits to the inmate's prison trust account; or (2) the average monthly balance in the inmate's prison trust account for the six-month period that preceded the filing of a request for leave to proceed without the prepayment of costs. *See* 28 U.S.C. § 1915(b)(1)(A)-(B); *Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2010 WL 381442, at *1 (S.D. Ill. Jan. 27, 2010). Once the initial partial fee is paid, an inmate is required to make monthly payments of twenty percent of the preceding month's income credited to the inmate's prison trust account, and the agency having custody of the inmate is required to forward payments from the inmate's prison trust account to the clerk of the district court each time the amount in the account exceeds $10.00 until the full fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Westefer*, 2010 WL 381442, at *1. Section 1915 does not specify whether, in calculating an inmate's average monthly balance, a court should rely upon opening monthly balances, daily balances, or closing monthly balances. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999). The Court has used closing monthly balances to compute Taylor's average monthly balance in his inmate trust account in the past and will do so again here.

Based upon the inmate trust account statement that is before the Court, twenty percent of the average monthly deposits to Taylor's account is $15.21, while twenty percent of the average monthly balance in the account for the six-month period from October 28, 2009, until April 28, 2010, is $6.31.  Thus, the initial fee that Taylor must pay toward the costs taxed against him in this case is $15.21.  Accordingly, it hereby **ORDERED** that prison officials at Tamms shall deduct the sum of **$15.21** from Taylor's inmate trust account and forward that sum to the Clerk of Court as Taylor's initial partial fee toward the costs taxed against him in this case. After payment of the initial partial fee, the trust fund officer at Tamms is authorized to collect monthly payments from Taylor's inmate trust account in an amount equal to twenty percent of the preceding month's income credited to the account.  Monthly payments collected from Taylor's inmate trust account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10.00 until the full $41.00 in costs is paid.  All payments shall be sent to United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201, and shall clearly identify Taylor's name and the case number assigned to this action.  The Clerk of Court shall send a copy of this Order to the trust fund officer at Tamms.

**IT IS SO ORDERED.**

DATED:  July 20, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge